838 F.2d 656
 56 USLW 2495
 KARL KOCH ERECTING CO., INC., Plaintiff-Appellant,
v.
NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION,
Defendant-Appellee.
NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, Plaintiff-Appellee,
v.
KARL KOCH ERECTING CO., INC., and Federal Insurance Company,
Defendants-Appellants.
 Nos. 23, 24, Dockets 87-7306, 87-7308.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 2, 1987.
Decided Feb. 3, 1988.
 
 Roger S. Markowitz, New York City (Tony Berman, Howard Burger, Berman, Paley, Goldstein & Berman, New York City, of counsel), for defendants-appellants.
 Joseph P. Dineen, New York City (Jerome Reiss, Kalvin Kamien, Max E. Greenberg, Cantor & Reiss, New York City, of counsel), for plaintiff-appellee.
 Before PIERCE, WINTER and MINER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 These appeals concern the meaning and validity of a forum-selection clause. The New York Convention Center Development Corporation ("NYCCDC"), a public benefit corporation organized to develop the Jacob K. Javits Convention Center in New York City, brought a suit against a contractor working on the Center, Karl Koch Erecting Co., Inc. ("Koch"), in state court. Koch then brought a diversity action against NYCCDC in the Southern District and removed NYCCDC's state suit to that court. On NYCCDC's motion to dismiss the former action and remand the latter, Judge Sweet held that the forum-selection clause applied both to Koch's original diversity action and to its removal of NYCCDC's suit from state court. He also held that Koch, a sophisticated contractor, had failed to make a strong showing that the forum-selection clause should be set aside as unreasonable, unjust or contrary to the public policy of the forum. Karl Koch Erecting Co. v. New York Convention Center Dev. Corp., 656 F.Supp. 464, 466-67 (S.D.N.Y.1987). We affirm.
 
 BACKGROUND
 
 2
 The relevant facts are not in dispute. On or about September 5, 1980, Koch, a Delaware corporation with its principal place of business in New Jersey, entered into a contract with the NYCCDC to design, manufacture and construct the space frame for the Convention Center. Article 30.10 of the contract, entitled "Limitations on Actions," provided in part that: "No action or proceeding shall be commenced by [Koch] against [NYCCDC] except in the Supreme Court of the State of New York, County of New York." On November 14, 1986, after problems in the construction of the space frame had delayed completion of the Center, the NYCCDC brought suit against Koch in New York State Supreme Court, County of New York, seeking damages totalling more than $50 million for breach of contract, breach of express and implied warranties, negligence, fraud and misrepresentation. Federal Insurance Company, Koch's performance bond surety on the project, was also named as a defendant.
 
 
 3
 On November 20, 1986, Koch brought a separate diversity action against NYCCDC in the Southern District claiming damages of more than $13 million. On November 25, Koch removed NYCCDC's suit from the state court to the Southern District. NYCCDC then moved to dismiss Koch's diversity suit pursuant to the forum-selection clause and to remand the removed action to state court under 28 U.S.C. Sec. 1447(c) (1982). Both motions were granted on March 19, 1987, and Koch appealed.
 
 DISCUSSION
 
 4
 Before turning to the merits, we must determine whether we have appellate jurisdiction over Judge Sweet's remand order. With the exception of civil rights cases, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. Sec. 1447(d). The Supreme Court held in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), that Section 1447(d) was not a blanket rule. In that case, the district court had ordered remand solely because its docket was too crowded to allow it to hear the case expeditiously. The Court stated that "only remand orders issued under Sec. 1447(c) and invoking the grounds specified therein--that removal was improvident and without jurisdiction--are immune from review under Sec. 1447(d)." Id. at 346, 96 S.Ct. at 590.
 
 
 5
 The NYCCDC contends that Thermtron does not govern the instant case. We disagree. A forum-selection clause, although it can have jurisdictional consequences, does not oust a district court of subject-matter jurisdiction. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972). Instead, such a clause requires a district court, after it has determined that it has personal and subject-matter jurisdiction, to consider whether it should "exercise[ ] its jurisdiction to do more than give effect to the legitimate expectations of the parties ... by specifically enforcing the forum clause." Id. Moreover, in remanding this case, the district court neither mentioned Section 1447(c) nor questioned the jurisdiction or propriety of Koch's removal in the context of that provision. Karl Koch Erecting Co., 656 F.Supp. at 466 ("There is no suggestion that diversity jurisdiction is lacking."). Instead, the district court granted the motion for remand after reviewing the terms and validity of the clause, id., both of which involved contract law issues.
 
 
 6
 The rationale for Section 1447(d)'s nonreviewability rule is not implicated in the instant case. That rationale is "to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." Thermtron, 423 U.S. at 351, 96 S.Ct. at 593. This policy is not applicable when a district court with subject-matter jurisdiction remands a case on the basis of its interpretation of a forum-selection clause. If Section 1447(d) applied in such cases, a party would have no right to appeal from the determination of the validity and meaning of a contract. In apparently the only other case on this question, the Ninth Circuit reasoned that "[a]ny delay caused by an appeal of the contract issue is a delay that must be countenanced." Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 277 (9th Cir.1984). We agree and hold that a remand order based on a district court's interpretation of a forum-selection clause is reviewable on appeal.[1]
 
 
 7
 In addressing the merits, we first consider whether the district court properly interpreted the forum-selection clause as requiring dismissal of Koch's diversity suit and remand of NYCCDC's suit against Koch to state court. The forum-selection clause provided that "[n]o action or proceeding shall be commenced by [Koch] against [NYCCDC] except in the Supreme Court of the State of New York." This language expressly forbids Koch from commencing suit in a forum other than state court. Koch's diversity suit in the Southern District therefore clearly violated the clause and was correctly dismissed.
 
 
 8
 The more difficult issue is whether the phrase "commenced by [Koch] against [NYCCDC]" precludes removal of a state action to the federal court. The phrase "commenced by Contractor against Owner" may not literally preclude removal by Koch. See District No. 1--Pacific Coast Dist. v. Trinidad Corp., 583 F.Supp. 262, 263-65 (S.D.N.Y.1984) (motion to remand granted when enforceable forum-selection clause explicitly barred removal); cf. Pelleport Investors, 741 F.2d at 275 (remand order upheld when clause provided that all disputes arising out of contract were to be litigated in state court). We believe that the only plausible construction of the pertinent phrase is that Koch's removal constitutes the commencement of a "proceeding" in federal court. Indeed, the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal by Koch. See Hartford Accident & Indem. Co. v. Wesolowski, 33 N.Y.2d 169, 171-72, 305 N.E.2d 907, 909, 350 N.Y.S.2d 895, 898 (1973) (basic objective of contract interpretation is to determine intent of parties from language employed). If the clause does not bar removal, NYCCDC's action, although it originated in state court, would be tried in federal court. Koch, on the other hand, would not be permitted to assert counterclaims in federal court because they are an "action or proceeding ... commenced by" Koch and subject to the clause. Koch's action against NYCCDC would therefore have to proceed in state court. That kind of bifurcation of litigation seems plainly at odds with the obvious purpose of the forum-selection clause, as well as with the purpose of Fed.R.Civ.P. 13(a) (compulsory counterclaim rule).
 
 
 9
 With regard to the validity of the forum-selection clause, it is well-established that such clauses "will be enforced unless it clearly can be shown that enforcement 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.' " Bense v. Interstate Battery Sys. of Am., 683 F.2d 718, 721-22 (2d Cir.1982) (quoting The Bremen, 407 U.S. at 15, 92 S.Ct. at 1916). Koch has failed to make any such showing in this case.
 
 
 10
 As a sophisticated contractor with extensive public and private construction experience, Koch can hardly claim that its contract with NYCCDC was the product of legally cognizable coercion. It may be that the parties engaged in little negotiation over its terms, as is the case with many public contracts entered into after competitive bidding. See Bryant Elec. Co. v. City of Fredericksburg, 762 F.2d 1192, 1196-97 (4th Cir.1985). Nothing in the record suggests, however, that Koch was prevented from adjusting its bid to account for whatever extra costs, if any, might be imposed by the forum-selection clause.
 
 
 11
 Koch also argues that a forum-selection clause that expressly limits only one party is unenforceable. This argument is based on the New York rule that arbitration agreements binding only one party are not valid. See Cored Panels, Inc. v. Meinhard Commercial Corp., 72 A.D.2d 544, 420 N.Y.S.2d 731 (2d Dep't 1979); Firedoor Corp. of Am., Inc. v. R.K. & A. Jones, Inc., 47 A.D.2d 878, 366 N.Y.S.2d 443 (1st Dep't 1975). We do not find this analogy persuasive.
 
 
 12
 First, it is not at all clear that this particular forum-selection clause lacked mutuality. The NYCCDC claims that the "only reasonable interpretation" of the forum-selection clause is that, "irrespective of whom [sic] commences suit, all disputes arising out of the contract must be litigated" in state court. NYCCDC Br. in No. 87-7308, at 8. By bringing its suit in state court, NYCCDC acted in a manner consistent with this interpretation of the clause. Because, as noted above, the clause makes no sense if interpreted so as to allow bifurcation of litigation between Koch and NYCCDC, we have some sympathy with this view of its meaning. Indeed, a federal court might properly dismiss a federal action by NYCCDC against Koch that bifurcated the claims of each party. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Certainly, a plaintiff's choice of forum would carry little weight when a forum-selection clause binds the other party to litigate in state court and bifurcating the litigation clearly expends judicial resources for no good reason.
 
 
 13
 Even if the forum-selection clause applies only to Koch, moreover, arbitration agreements and forum-selection clauses involving the judicial system are quite distinguishable. In the former case, the parties "trade[ ] the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628, 105 S.Ct. 3346, 3355, 87 L.Ed.2d 444 (1985). State and federal courts are different tribunals, but each is within the same genre of adjudicative bodies. They are governmental bodies that stress formal procedures, are bound by formal rules of evidence and legal precedents, and are presided over by judges who have substantial tenure and no other occupation. They also afford appellate review. Arbitration is so different in each of these respects that we believe the New York courts would not view the forum-selection clause at issue as imposing the unequal burden that is inherent in a contract binding one party to arbitrate while the other is free to litigate.
 
 
 14
 Because Koch has not made the "strong showing" required by The Bremen, 407 U.S. at 15, 92 S.Ct. at 1916, that this forum-selection clause should not have been enforced, we affirm Judge Sweet's orders of remand and dismissal.
 
 
 15
 Affirmed.
 
 PIERCE, Circuit Judge, dissenting in part:
 
 16
 While I concur in most of the majority opinion, I dissent on the issue of whether the contractual forum selection clause bars Koch from removing NYCCDC's suit to federal court.
 
 
 17
 The statutory right of a party to remove an action to federal court should not be deemed to have been waived absent an objectively clear and express statement of intent. City of New York v. Pullman Inc., 477 F.Supp. 438, 442 (S.D.N.Y.1979) (Weinfeld, J.); Capital Bank & Trust Co. v. Associated Int'l Ins. Co., 576 F.Supp. 1522, 1524 (M.D.La.1984); Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GmbH, 579 F.Supp. 1476, 1479 (C.D.Ill.1984). Nothing in the contractual language herein mandates the majority's interpretation, and I do not believe that the forum selection clause sufficiently manifests the requisite intent.
 
 
 18
 As I read the subject clause, it is less than precise and it cannot be construed to require the litigation of all disputes between the parties in a New York state court. For example, the clause would not have precluded NYCCDC itself from commencing suit in state court in New Jersey, where Koch has its principal place of business, or, for that matter, in the federal court in New York, if NYCCDC had chosen to do so. Moreover, had NYCCDC initiated suit in federal court, I do not think that the clause would have barred Koch from asserting compulsory counterclaims in that court under Fed.R.Civ.P. 13(a).
 
 
 19
 Nor can Koch be said to have implicitly waived its right to remove the case to federal court, since it did not agree to defend in any forum of NYCCDC's choice--it only agreed to commence any suit against NYCCDC in state court in New York County. Cf. Lavan Petroleum Co. v. Underwriters at Lloyds, 334 F.Supp. 1069, 1074 (S.D.N.Y.1971); Capital Bank & Trust Co., 576 F.Supp. at 1524-25.
 
 
 20
 Both Koch and NYCCDC were represented by counsel when the contract was negotiated, and I think it improper for the Court to interpret the contract as it has done, in derogation of 28 U.S.C. Sec. 1441, when the parties failed to memorialize their intent with respect to the removal question. Although the majority opinion expresses concern about the possible bifurcation of litigation, that result has been brought about because of the parties' own draftsmanship; and we are not obliged to judicially rewrite the contract to correct their omissions. Since the parties to the contract did not objectively manifest an intent to bar Koch from exercising the right of removal, I would hold that the district court should not have remanded the removed NYCCDC action.
 
 
 
 [1]
 Koch filed a petition for writ of mandamus in this court pursuant to Fed.R.App.P. 21 simultaneously with the filing of its notice of appeal in the district court. In light of our conclusion that the remand order is appealable, Koch's mandamus action, No. 87-3010, is hereby dismissed