James P. CORCORAN, Superintendent of
Insurance of the State of New York,
and his successors in office as Superin-
tendents of Insurance of the State of
New York, as Liquidator of Nassau In-
surance Company, in Liquidation,
Plaintiff–Appellee,

v.

ARDRA INSURANCE COMPANY, LTD.,
Richard S. Diloreto, and Jeanne S. Dilo-
reto, Defendants–Appellants.

No. 256, Docket 87–7478.

United States Court of Appeals,
Second Circuit.

Argued Nov. 16, 1987.

Decided March 17, 1988.

**32**

John S. Kinzey, New York City (Cecelia Kempler, Ronald J. Gizzi, LeBoeuf, Lamb, Leiby & MacRae, Joseph Termini, Termini & Epstein, New York City, on the brief), for plaintiff-appellee.

James D. Veach, New York City (Eugene A. Leiman, Mound, Cotton & Wollan, New York City, on the brief), for defendants-appellants.

Before KEARSE and ALTIMARI, Circuit Judges, and LASKER, District Judge.[*]

KEARSE, Circuit Judge:

Defendants Ardra Insurance Company, Ltd. ("Ardra"), *et al.*, appeal from an order of the United States District Court for the Southern District of New York, Peter K. Leisure, *Judge*, remanding this action, brought in state court by James P. Corcoran as the Superintendent of Insurance of the State of New York ("Superintendent") to recover proceeds allegedly due under three reinsurance agreements, to state court on grounds of abstention. Ardra contends that abstention was inappropriate because, pursuant to arbitration clauses in the reinsurance agreements, the district court was required to order arbitration of the dispute under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Foreign Arbitral Awards Convention" or "Convention"), Dec. 29, 1970, 21 U.S.T.

2517, T.I.A.S. No. 6997, 330 U.N.T.A. 38. The Superintendent contends (1) that the appeal should be dismissed pursuant to 28 U.S.C. § 1447(c) and (d) (1982) for lack of appellate jurisdiction, (2) that the district court properly abstained, and (3) that even if abstention was improper, the case was correctly remanded to state court because the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq.* (1982), supersedes the Convention. For the reasons below, we dismiss the appeal for lack of a final order, and, treating the appeal as a petition for mandamus, we deny the petition.

## I. BACKGROUND

Ardra is a Bermuda insurer that entered into three reinsurance agreements with a New York insurance company, Nassau Insurance Company ("Nassau"). Nassau has been in liquidation since June 1984, and the Superintendent, as its liquidator, was authorized by an Order of Liquidation, issued pursuant to Article 74 of the New York Insurance Code, N.Y. Ins. Law § 7401 *et seq.* (McKinney 1985), to pay claims arising under policies issued by Nassau and to collect reinsurance on such claims. The Superintendent sought reinsurance payments from Ardra, which repudiated its obligation to make such payments on the ground that the Superintendent had refused to allow Ardra's representatives to participate in court proceedings involving third-party claims against Nassau's insureds. The Superintendent commenced the present action against Ardra and two of its officers in New York State Supreme Court to recover the reinsurance payments.

Defendants responded by demanding arbitration pursuant to arbitration clauses in the reinsurance agreements and eventually removed the case to the district court pursuant to 9 U.S.C. § 205 (1982), which allows removal of any state court action relating "to an arbitration agreement or award falling under the Convention." Defendants moved in the district court for an order compelling arbitration, dismissing the com-

---

* Honorable Morris E. Lasker, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

plaint against Ardra, and dismissing or staying all proceedings as to the individual defendants. Corcoran moved to remand the case to state court, contending (1) that the McCarran–Ferguson Act gave the state courts exclusive jurisdiction over all matters relating to the liquidation of Nassau, (2) that the Convention was inapplicable to a suit brought by a state official whose recovery powers by law exceeded Nassau's rights under the reinsurance agreements, and (3) that the district court should abstain in order to allow the state court to decide state-law issues of first impression raised by the Superintendent.

In an opinion reported at 657 F.Supp. 1223 (1987), Judge Leisure granted the remand motion. Noting that the Convention applies only to "commercial relationships and disputes arising out of those relationships," *id.* at 1228, the court concluded that the question of whether the Superintendent merely stood in Nassau's shoes or had greater rights than Nassau was a novel question of state law that was of considerable importance to the state's system of regulating insurance liquidations. The court chose to abstain from deciding this issue, which would affect the applicability of the Convention, and it remanded the action to state court. The court noted that it had not decided any of the issues central to the dispute between the parties, such as the merits of the Superintendent's claims for reinsurance proceeds, the interplay between the Convention and New York's regulatory system or the McCarran–Ferguson Act, or the applicability of the Convention to the present controversy. Rather, the remand left the resolution of all such questions to the state court.

Defendants have appealed, contending that the district court improperly abstained from deciding important questions of federal law. The Superintendent, in addition to defending the merits of the district court's remand decision on essentially the same grounds advanced in support of his remand motion, has moved to dismiss the appeal on the ground that a remand order is not appealable.

## II. DISCUSSION

The principal questions before us are whether the district court's remand order is reviewable; if it is reviewable, whether the proper mechanism for review is appeal or mandamus; and, upon review under the appropriate standard, whether the remand order was proper. We conclude that the district court's order remanding the case is reviewable, but not by appeal. We treat the appeal as a petition for mandamus, and we deny the petition.

### A. *The Reviewability of the Remand Decision*

Section 1447(d) of 28 U.S.C. provides, with one exception not pertinent here, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). The Supreme Court has interpreted this provision as prohibiting appellate review only with respect to remand orders issued under § 1447(c), which requires the district court to remand a case if it appears, prior to final judgment, that the action "was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c); *see Carnegie–Mellon University v. Cohill,* — U.S. —, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (*"Cohill"*); *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (*"Thermtron"*). If the action is one that was properly removed to the district court, and the district judge bases his remand on some ground other than the ground that the removal was improvident or without jurisdiction, the remand order is reviewable by the court of appeals. *Thermtron,* 423 U.S. at 351, 96 S.Ct. at 593; *see generally Cohill,* 108 S.Ct. at 616–22.

Removal in the present case was predicated on the Foreign Arbitral Awards Convention. The Convention deals with arbitration agreements arising out of, *inter alia,* commercial relationships between citizens of the United States and citizens of foreign states. 9 U.S.C. § 202 (1982). The procedures enacted by Congress for federal judicial treatment of agreements falling un-

der the Convention are set forth in 9 U.S.C. §§ 201–208 (1982). Section 203 treats an action to enforce an agreement falling under the Convention as one arising under the laws and treaties of the United States and gives the district courts original jurisdiction over such an action. Section 205 provides that where the subject matter of an action pending in a state court relates to an arbitration agreement falling under the Convention, the defendant may, at any time before trial, remove the action to the district court; the ground for removal need not appear on the face of the state court complaint but may be shown in the petition for removal.

In the present case, Ardra moved in state court to compel arbitration on the ground that the reinsurance agreements between itself, a Bermudan citizen, and Nassau, a citizen of the United States, provided for arbitration. Prior to trial, Ardra removed the case to the district court. In remanding, the district court did not suggest that it lacked jurisdiction or that the action had not been removed in accordance with the prescribed procedures. Rather, it found that the applicability of the Convention would depend on the powers granted by state law to the Superintendent, and, relying principally on *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (*"Burford"*), and to an extent on *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (*"Colorado River"*), it decided to remand as an exercise of its discretion to abstain from the decision of difficult questions of state law. Since the remand was not based on the grounds provided by 28 U.S.C. § 1447(c), our review of the remand order is not barred by § 1447(d).

Nonetheless, we are compelled to conclude that Ardra's appeal from the remand order must be dismissed, for *Thermtron* makes clear that the proper vehicle for review of a remand order is mandamus, not appeal: "[B]ecause an order remanding a removed action does not represent a final judgment reviewable by appeal, '[t]he remedy in such a case is by mandamus to compel action, and not by writ of error to

review what has been done.'" 423 U.S. at 352–53, 96 S.Ct. at 594 (quoting *Railroad Co. v. Wiswall*, 90 U.S. (23 Wall.) 507, 508, 23 L.Ed. 103 (1875)). We note that some orders that ordinarily are not considered final have been deemed final for reasons that would apparently warrant treating remand orders as final. Thus, in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 8–10, 103 S.Ct. 927, 932–33, 74 L.Ed.2d 765 (1983) (*"Moses Cone"*), a district court's stay of a diversity action pending resolution of a concurrent state-court action was held to be a final order appealable under 28 U.S.C. § 1291 (1982). The Supreme Court ruled that although "a stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff 'effectively out of court,'" a stay that *"refuses to allow* the plaintiff to litigate his claim in federal court" is final and appealable "when the sole purpose and effect of the stay are precisely to surrender jurisdiction of a federal suit to a state court." *Id.* at 10–11 n. 11, 103 S.Ct. at 934 n. 11 (emphasis in original). Though it is by no means clear why an order that remands an action to state court is any less final than the stay discussed in *Moses Cone*, the ruling in *Thermtron* that a remand order is not reviewable by appeal could not have been more explicit. Under the surrender-of-federal-jurisdiction test used in *Moses Cone*, we wonder whether it can logically or prudently remain the rule that a reviewable remand order (*i.e.*, one whose review is not barred by § 1447(d)) is not reviewable by direct appeal. If the district court dismisses an action on grounds that are discretionary, its order may be appealed and may be reversed if it has abused its discretion; yet the effect of denying direct appeal of a reviewable remand order is to insulate the order when the district court (1) has the power to dismiss on a discretionary ground, (2) chooses instead to remand on that ground, and (3) would have abused its discretion in dismissing on that ground, for, as discussed in Part II.B below, mandamus will not issue to remedy an ordinary abuse of discretion. It is hardly clear to us that

such insulation of a reviewable remand order is necessary or sound.

Nonetheless, *Thermtron's* explicit ruling that review must be by mandamus rather than appeal has recently been reinforced by *Cohill*, in which the Third Circuit's review by means of mandamus rather than appeal drew no criticism from the Supreme Court, *see* 108 S.Ct. at 617 & n. 4, in the face of the long established principle that mandamus is not appropriate where a direct appeal would lie, *see, e.g., Helstoski v. Meanor*, 442 U.S. 500, 505–08, 99 S.Ct. 2445, 2447–49, 61 L.Ed.2d 30 (1979); *Ex parte Rowland*, 104 U.S. (14 Otto) 604, 617, 26 L.Ed. 861 (1882). Accordingly, we conclude that the remand order at issue in the present case is not appealable and may be reviewed only by petition for mandamus.

Our recent decision in *Karl Koch Erecting Co. v. New York Convention Center Development Corp.*, 838 F.2d 656 (2d Cir. 1988) ("*Karl Koch*") is not to the contrary. In *Karl Koch*, the district court had remanded because it interpreted a forum-selection provision agreed to by the parties as requiring that the controversy be litigated in state court. We held that "a remand order based on a district court's interpretation of a forum-selection clause is reviewable on appeal," rather than by mandamus, 838 F.2d at 659 & n. 1, relying on the Ninth Circuit's decision in *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 277 (9th Cir.1984). *Pelleport* upheld appealability on the ground that that part of the district court's remand order which definitively ruled on the validity and meaning of the parties' forum-selection agreement was a collateral order that was final within the meaning of § 1291 and was appealable under the *Cohen* doctrine, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The availability of appeal under the *Cohen* doctrine distinguishes *Karl Koch* from this case. To be appealable under that doctrine, an order must, *inter alia*, " 'conclusively determine [a collateral] disputed question.' " *Moses Cone*, 460 U.S. at 11, 103 S.Ct. at 934–35 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

In the present case, unlike *Karl Koch*, there is nothing conclusive about the district court's order. In *Karl Koch*, the collateral dispute was whether the merits of the litigation should be decided in state court or in federal court; the district court, in remanding the matter to state court, conclusively determined that issue. Here, the collateral issue is whether the matter should be adjudicated by an arbitrator. The district court did not, by remanding to state court, resolve that issue, for if the state court determines that the pertinent powers of the Superintendent are strictly derived from the rights of Nassau, and thus are "commercial," the state court itself will be required, under the Supremacy Clause of the Constitution, to order arbitration pursuant to the Convention. Accordingly, we conclude that the abstention-remand order here is not a final order within the meaning of *Cohen*, and hence, in accordance with *Thermtron* and *Cohill*, is not reviewable by means of appeal.

Although our normal practice is to decline to treat improvident appeals as petitions for mandamus, *see generally Bridge C.A.T. Scan Associates v. Technicare Corp.*, 710 F.2d 940, 944 (2d Cir.1983), we believe this case warrants a departure from that practice, for there is a strong public interest in promoting the Superintendent's efficient performance of his official duties. The resolution of the present case, which was removed from state court more than two-and-one-half years ago, has already been unduly delayed. We prefer not to prolong matters further by requiring the parties to file new papers in order to obtain review by means of mandamus. Accordingly, we treat Ardra's appeal as a mandamus petition, and turn to the merits.

### B. *The Merits*

Mandamus is an extraordinary writ that has been issued to a federal court only " 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967) (quoting *Roche v. Evap-*

*orated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). The writ is available only when there has been a " 'usurpation of judicial power' or a clear abuse of discretion." *Schlagenhauf v. Holder,* 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964) (quoting *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed.2d 106 (1953)). We find no lack of power or abuse of discretion here.

Although *Thermtron,* which dealt with a remand on grounds that were clearly beyond the district court's power, seemed to rule broadly that a district court lacked the power to remand a case to state court for any reason other than one provided in § 1447(c), *see* 423 U.S. at 345 & n. 9, 96 S.Ct. at 590 & n.9 ("cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute"); *id.* at 351, 96 S.Ct. at 593, *Cohill* reveals that the permissible bases for remand are not so limited. In *Cohill,* an action involving one federal claim and several pendent state-law claims was removed from state court to federal court; when the plaintiffs withdrew the federal claim, the district court remanded the pendent claims to state court. Since the removal had not been improvident or without jurisdiction, this remand was not one provided for by § 1447(c). Nonetheless, the Supreme Court upheld the Third Circuit's denial of the defendants' mandamus petition, ruling that since the district court undoubtedly had the power, once all federal claims were gone, to decline to entertain the suit by dismissing the pendent claims, it had the inherent power to decline by remanding those claims to state court. 108 S.Ct. at 619–21. Since the removal served the same principles, *i.e.,* "economy, convenience, fairness, and comity," that underlay the court's power to decline to exercise pendent jurisdiction, the *Cohill* Court concluded that remand was not precluded either by § 1447(d) or by *Thermtron.* 108 S.Ct. at 621.

■ By the same line of reasoning, we conclude that if a district court has the power to dismiss an action on grounds of abstention it has the power to remand to the state court on those grounds. It is plain that in appropriate circumstances the court may dismiss on abstention grounds, *see Burford,* 319 U.S. at 334, 63 S.Ct. at 1107; *see generally Moses Cone,* 460 U.S. at 15–16, 103 S.Ct. at 936–37; *Colorado River,* 424 U.S. at 817–19, 96 S.Ct. 1246–47, for it is "well settled that a district court is 'under no compulsion to exercise [its] jurisdiction,' . . . . where the controversy may be settled more expeditiously in the state court," *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 662–63, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978) (quoting *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942)). The very goals reflected in the principle that the court may dismiss on grounds of abstention persuade us that when the district court has decided not to hear a removed case on grounds of abstention, it need not dismiss but may instead remand. For example, abstention pursuant to *Burford* is designed to avoid federal court interference with specialized ongoing state regulatory schemes, *see* 319 U.S. at 327, 63 S.Ct. at 1104; a dismissal pursuant to *Colorado River* is designed to promote " 'conservation of judicial resources and comprehensive disposition of litigation,' " 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). All of these goals are likely to be furthered by remanding a removed action to state court, thereby accommodating the values of economy, convenience, and comity, and avoiding the delay involved in dismissing the federal litigation and requiring the parties to start anew in the very court in which they initially began. Thus, in *Naylor v. Case & McGrath, Inc.,* 585 F.2d 557, 565 (2d Cir. 1978), we stated that "abstention can be exercised through remand, assuring an adjudication of the state law issues in the pending action without risk of delay. That is the indicated course where, as here, the state law is uncertain and its resolution a matter of concern to the state." In sum, we conclude that when the district court

may properly abstain from adjudicating a removed case, it has the power to remand the case to state court.

■ Finally, we conclude that the underlying decision to abstain in the present case was not an abuse of discretion. We have noted that New York's " 'complex administrative and judicial system for regulating and liquidating domestic insurance companies' " is the type of regulatory scheme that warrants serious consideration of abstention when the question before the court is a novel one. *Law Enforcement Insurance Co. v. Corcoran*, 807 F.2d 38, 43–44 (2d Cir.1986) (quoting *Levy v. Lewis*, 635 F.2d 960, 963 (2d Cir.1980) (abstention appropriate even where novel question involved interplay between insurance law and federal law)), *cert. denied*, —— U.S. ——, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987). Under New York law, the Superintendent's power to collect on reinsurance agreements entered into by a liquidated company is a matter of no little concern, for policy holders have no direct right of action against reinsurers; only the Superintendent, as liquidator, can recover from the reinsurer. *Skandia America Reinsurance Corp. v. Schenk*, 441 F.Supp. 715, 724 (S.D.N.Y. 1977); *see* N.Y.Ins.Law § 7405. The extent to which the Superintendent is able to collect thus affects the degree to which the insolvent insurer's estate will have assets sufficient to satisfy the claims of its creditors. It is clear that these questions are important to the state regulatory scheme and that the scope of the Superintendent's power, insofar as it is pertinent to this case, has not yet been resolved by the state courts. Accordingly, the district court's decision to abstain appears to fit particularly well within the *Burford* goal of avoiding interference with specialized state regulatory schemes. In all the circumstances, we conclude that there has been no abuse of discretion, much less the clear abuse required to warrant the issuance of mandamus.

## CONCLUSION

We have considered all of the arguments advanced by Ardra in support of its challenge to the remand order and have concluded that they are without merit.

The appeal is dismissed; mandamus is denied.