# United States Court of Appeals
## For the First Circuit
### For the First Circuit

No. 06-2284

MARTA CARRASQUILLO; GILBERTO RIVERA-RIVERA;
CONJUGAL PARTNERSHIP RIVERA-CARRASQUILLO,
Plaintiffs, Appellants,

v.

COMMONWEALTH OF PUERTO RICO, through its Justice Department;
DEPARTMENT OF CORRECTIONS AND REHABILITATION;
MIGUEL PEREIRA-CASTILLO, Secretary and Administrator of the
Department of Corrections and Rehabilitation and the
Corrections Administrator; JORGE L. RAÍCES, Assistant to the
Secretary; CARIDAD COLÓN-TORRES, Human Resources Officer;
RAFAEL SANTIAGO-TORRES, Sub-Secretary of the Department of
Corrections and Rehabilitation; NORBERTO JIMÉNEZ-BURGOS,
Special Assistant to the Secretary and in his personal/
individual capacity,
Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before
Torruella and Lipez, Circuit Judges,
and Stafford, Jr.,* Senior District Judge.

---

Yvette De Luna-Colón, for appellants.
Leticia Casalduc-Rabell, Assistant Solicitor General, with
whom Salvador J. Antonetti-Stutts, Solicitor General, Mariana
Negrón-Vargas, Deputy Solicitor General, and Maite D. Oronoz-
Rodríguez, Deputy Solicitor General, were on brief, for appellees.

---

June 28, 2007

---

* Of the District of Northern Florida, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  Marta Carrasquillo, an employee at the Puerto Rico Department of Corrections and Rehabilitation (the "DCR"), brought a civil rights action under 42 U.S.C. § 1983 against the Commonwealth of Puerto Rico, the DCR, and various DCR officials (collectively, "Defendants"), alleging political discrimination in violation of the First and Fourteenth Amendments.  The United States District Court for the District of Puerto Rico granted summary judgment in favor of Defendants, a decision Carrasquillo now appeals.  After careful consideration, we affirm.

## I.  Factual Background

The DCR hired Carrasquillo in 1992.  In October 1994, Carrasquillo was promoted to Investigating Agent I, and was assigned to work in the Intelligence Unit of the Auxiliary Secretariat for the Investigation of the Correctional System (the "SAISC," for its Spanish acronym).  Between 1998 and 1999, Carrasquillo worked under the supervision of one of the defendants, Norberto Jiménez, an investigative agent in the SAISC.  In March 1999, Jiménez resigned from the DCR, and Carrasquillo took his place as supervisor of the Intelligence Unit of the SAISC.

On September 7, 2000, Carrasquillo was again promoted, this time to Investigative Agent II to reflect her added supervisory responsibilities. Among other duties, Carrasquillo was responsible for disciplining employees and authorizing vacation

time, sick leave, adjustments to time-keeping records, and overtime.

In August 2003, Jiménez returned to the DCR after being appointed Special Assistant to the Secretary of the DCR. Upon his return, Jiménez again assumed the supervision of the SAISC Intelligence Unit, thereby replacing Carrasquillo.

Carrasquillo alleges that, as supervisor of the SAISC intelligence unit, Jiménez took away many of the professional responsibilities she had before his return to the unit. For example, Carrasquillo alleges that Jiménez ordered her to perform clerical duties until he could hire a secretary. She also claims that he had her name removed from reports filed by investigative agents. Carrasquillo states that she was generally not allowed to participate in field operations, and that when she was asked to participate in an operation, she was told to show up at an hour after the operation had concluded. She also alleges that after Jiménez took over the supervision of the Intelligence Unit, there were a number of days in which Carrasquillo was not given work assignments.

Carrasquillo further states that in April 2004, Jiménez took over her office space. She claims that when she was transferred to a new work area, she was asked to return several items, including official license plates, a radio, a vest, keys to a governmental vehicle, and a gas card for a governmental vehicle.

Carrasquillo alleges that she complained to Jiménez about the fact that he had divested her of supervisory functions and assigned her menial job tasks and told him that she felt marginalized, harassed, and discriminated against as a result. Carrasquillo also testified that at some point, "[Jiménez] called [her] into his office and told [her] . . ., 'We are in power now -- meaning the members of the Popular Democratic Party -- and I have the power to kick out of here anybody I want.'"

Although Carrasquillo alleges that her professional duties and office location changed after Jiménez's return to the DCR, she admits that her job title and salary scale were not altered. The record shows that the only change affecting her salary was that after Jiménez replaced Carrasquillo as supervisor of SAISC, she became eligible for overtime pay, whereas she had not been entitled to such pay as supervisor.

Carrasquillo is a member of the New Progressive Party ("NPP") in Puerto Rico, while Jiménez is a member of the Popular Democratic Party ("PDP"). Carrasquillo claims that her affiliation and activism in the NPP were well known within the DCR because she was listed in the party's roster, openly participated in political campaigns, raised campaign funds for a mayor of Canóvanas, worked as an electoral officer, regularly attended NPP rallies, and worked tallying votes during election time. Carrasquillo further contends

that when she was replaced by Jiménez, she suffered a de facto demotion on the basis of her membership in the NPP.

On June 10, 2004, Carrasquillo filed a complaint in the United States District Court for the District of Puerto Rico alleging political discrimination in violation of the First and Fourteenth Amendments, age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and violation of various state law provisions. On July 13, 2004, Defendants filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Before the district court addressed its Rule 12(c) motion, the DCR filed a motion for summary judgment on September 16, 2005.

Carrasquillo did not respond to Defendants' Rule 12(c) motion within the time prescribed. Carrasquillo sought an extension to file the opposition, but on October 12, 2005, the district court denied Carrasquillo's request as untimely and deemed Defendants' motion unopposed. Thereafter, Carrasquillo timely filed an opposition to Defendants' summary judgment motion. However, in her opposition, Carrasquillo did not provide a statement admitting, denying, or qualifying Defendants' statement of uncontested facts, as required by Local Rule 56(c). See D.P.R. L. Civ. R. 56(c) ("A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph

of the moving party's statement of material facts and unless a facts is admitted, shall support each denial or qualification by a record citation . . . ."). Instead, Carrasquillo filed her own statement of uncontested facts, which did not reference or relate to Defendants' filing.

On March 29, 2006, the court granted in part and denied in part Defendants' motion for judgment on the pleadings. The court dismissed Carrasquillo's ADEA claim for failure to exhaust administrative remedies. In addition, upon finding that the DCR is an arm of the Commonwealth of Puerto Rico and no indication that Puerto Rico has waived its Eleventh Amendment immunity, the court also dismissed all claims for monetary damages against the Commonwealth, the DCR, and the individual defendants in their official capacities. Carrasquillo's First Amendment, Fourteenth Amendment, and supplemental claims survived the early dismissal. Only Jiménez, who was sued in his personal capacity, remained as a defendant.

On July 31, 2006, the court granted Jiménez's request for summary judgment. The court found that Carrasquillo had failed to specifically deny, qualify, or otherwise object to Jiménez's statement of uncontested facts in her opposition, as was required by Local Rule 56(c). The court concluded that, under these circumstances, the facts submitted by Jiménez, including sworn affidavits stating that Jiménez did not know about Carrasquillo's

political affiliation, were to be deemed uncontested, and therefore admitted by Carrasquillo.  The court held that, having failed to rebut the assertion that Jiménez lacked any knowledge of Carrasquillo's political affiliation, Carrasquillo could not establish a prima facie case of political discrimination.

The district court went on to hold that Carrasquillo's political discrimination claim failed even if it were to consider her nonconforming supplemental statement of uncontested facts because her factual assertions "[were] not sufficient to demonstrate a causal connection linking Defendants' allegedly discriminatory acts to Carrasquillo's political beliefs or association."

## II. Discussion

We review the district court's order granting summary judgment de novo, construing the record in the light most favorable to the nonmoving party, with all reasonable inferences drawn in her favor.  See Rodríguez v. SmithKline Beecham, 224 F.3d 1, 5 (1st Cir. 2000).

The right to associate with the political party of one's choice is an integral part of the basic constitutional freedom to associate with others for the common advancement of political beliefs and ideas protected by the First Amendment.  Kusper v. Pontikes, 414 U.S. 51, 56-57 (1973).  Public employees therefore generally enjoy protection from adverse employment actions based on

their political affiliations.  See Branti v. Finkel, 445 U.S. 507, 517-19 (1980).  This protection extends to changes in employment, which, although not as extreme as dismissal, result in working conditions "'unreasonably inferior' to the norm for the position" at issue.  Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1218 (1st Cir. 1989). To prevail on a claim of political discrimination, a public employee must at a minimum show that she engaged in constitutionally-protected conduct and that this conduct was a substantial factor in the adverse employment decision.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); see also Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 73 (1st Cir. 2000).

The district court granted summary judgment in Jiménez's favor on the ground that Carrasquillo failed to establish a prima facie case of political discrimination.  Noting Carrasquillo's failure to dispute Jiménez's statement of uncontested facts, the district court held that Jiménez's facts, including his assertion that he lacked knowledge of Carrasquillo's political affiliation, were admitted.  See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) ("[N]oncompliance with [Local Rule 56(c)], as manifested by a failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted and ruling accordingly.").  As such, the district

-8-

court held that "Carrasquillo . . . failed to establish a prima facie case of political discrimination because she [did] not produce[] sufficient evidence demonstrating that any defendant knew of her political affiliation."

On appeal, Carrasquillo does not address the district court's decision to deem Jiménez's submitted fact that he did not know Carrasquillo's political affiliation admitted, much less argue that this holding was in error. Because Carrasquillo has failed to appeal this ruling, we deem the issue waived and accept Jiménez's submitted fact as true. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding that arguments not raised on appeal are deemed waived); see also Rivera-Gómez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("[A] litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." (quoting Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988))). As such, we affirm the district court's holding that Carrasquillo failed to establish a prima facie case of political discrimination given Jiménez's lack of knowledge of Carrasquillo's political affiliation; if Jiménez did not know Carrasquillo's political views, they could not have been a substantial factor motivating any adverse employment action.

Because we affirm the district court's dismissal of Carrasquillo's political discrimination claim on its merits, we

need not reach her argument that defendants are not entitled to sovereign or qualified immunity.

## III. <u>Conclusion</u>

For the reasons stated above, we affirm the district court's dismissal of Carrasquillo's claim of political discrimination.

**<u>Affirmed</u>**.