Skydive Factory v. Skydive Orange     12-CV-307-SM   3/12/13

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


The Skydive Factory, Inc.,
     Plaintiff

     v.                                    Case No. 12-cv-307-SM
                                           Opinion No. 2013 DNH 033
Skydive Orange, Inc.,
     Defendant


                      O R D E R


     Defendant removed this breach of contract case from the New

Hampshire Superior Court (Strafford County), invoking diversity

jurisdiction.  28 U.S.C. § 1332.  Plaintiff moves for remand

(doc. no. 9) on grounds that the parties' contract requires any

dispute arising under the contract to be resolved in state court

and in Strafford County.  Defendant objects, asserting that the

contract's forum selection clause does not "clearly and

unequivocally" represent a waiver of its right of removal under

28 U.S.C. § 1441.


     Generally, a forum selection clause mandating that disputes

be resolved in state court operates as a waiver of the parties'

removal rights under § 1441.  See Karl Koch Erecting Co., Inc. v.

New York Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir.

1988); Insight Holding Group, LLC v. Sitnasuak Native Corp., 685

F. Supp. 2d 582, 589 (E.D. Va. 2010) ("[T]he great weight of

existing circuit authority sensibly holds that by agreeing to a

mandatory forum selection clause, parties ordinarily also waive their § 1441 removal right."). <u>See</u> <u>also</u> <u>Pace Prop., LLC v. Excelsior Const., Inc.</u>, 2008 WL 4938412, at *2 (N.D. Fla. Nov. 18, 2008) (courts "will find a waiver of the statutory right to removal only in cases where the forum selection clause mandates that litigation take place in a particular forum, to the exclusion of another forum."). Although not clear-cut in this circuit, the court assumes that waiver of the right of removal must be "clear and unequivocal." <u>See</u> <u>Spenlinhauer v. R.R. Donnelley & Sons, Co.</u>, 534 F. Supp. 2d 162, 164 (D. Me. 2008) (recognizing unsettled question in the First Circuit).

A forum selection clause may be mandatory as to jurisdiction, venue, or both. <u>Yakin v. Tyler Hill Corp.</u>, 566 F.3d 72, 76 (2d Cir. 2009) ("A forum selection clause may bind parties to either a specific jurisdiction or . . . a specific venue.") With regard to jurisdiction, the defendant argues that the clause is permissive rather than mandatory, suggesting that it only requires that cases be <u>filed</u> in state court, but not that they be adjudicated there. With regard to venue, defendant also says the clause is permissive. That is, it permits, but does not require, resolution of disputes in Strafford County.

A.  Jurisdiction

The contract provides:

Controlling Law  This Agreement shall be governed by
and construed in accordance with the laws of the State
of New Hampshire.  Any or [sic] disputes related to
this agreement shall be filed in Strafford County, the
State Courts of New Hampshire.

Doc. no. 3-2.

While somewhat clumsy and inartful in expression, the clause
does adequately convey the parties' agreement that exclusive
jurisdiction over contractual disputes lies in the state court.[1]
See Silva v. Encyclopedia Britannica Inc., 239 F.3d 385 (1st Cir.
2001).

In Silva, the forum selection clause provided that "[t]his
agreement shall be governed and construed by the laws of the
State of Illinois and all actions involving this agreement must
be brought in the State of Illinois."  Id. at 386 (emphasis
added).  The court found that the mandatory language of the
agreement — that is, inclusion of the word "must" — "express[ed]
the parties' intention to make the courts of Illinois the
exclusive forum for disputes arising under the contract."  Id. at

--------

[1]     Because both parties rely on federal and New Hampshire
precedent in construing the clause, the court assumes that the
parties "do not rely on any distinctive features of" New
Hampshire law.  Phillips v. Audio Active, Ltd., 494 F.3d 378, 386
(2d Cir. 2007).  Accordingly, the court "appl[ies] general
contract law principles and federal precedent to discern the
meaning and scope of the forum clause."  Id.

3

389.  It held, therefore, that the forum-selection clause was mandatory in limiting jurisdiction over disputes to the state's courts, and affirmed dismissal of the case.  Id.

The court at least implicitly construed the phrase "must be brought" as being equivalent to "must be adjudicated."  The Court of Appeals for the Second Circuit reached a similar conclusion with respect to the phrase "shall be commenced."  Karl Koch Erecting, 838 F.2d at 658.  In Karl Koch Erecting, the court affirmed a district court's remand order, holding that the forum selection clause's mandate that "[n]o action shall be commenced . . . except in the Supreme Court of the State of New York, County of New York," did not "literally preclude removal," but, rather, implicitly did so.  Id. at 659.  The court reasoned that,

> . . . the parties' inclusion of the forum-selection
> clause makes little sense unless it precludes removal
> by [defendant].  [citation omitted]  If the clause does
> not bar removal, [plaintiff's] action, although it
> originated in state court, would be tried in federal
> court. . . .  [Defendant], on the other hand, would not
> be permitted to assert counterclaims in federal court
> because they are an 'action or proceeding . . .
> commenced by' [defendant]. . . [That result] seems
> plainly at odds with the obvious purpose of the forum-
> selection clause, as well as with the purpose of Fed.
> R. Civ. P. 13(a) (compulsory counterclaim rule).

Id.

The clause at issue here, properly construed, memorializes the parties' agreement that the state courts of New Hampshire

4

shall have exclusive jurisdiction over the parties' contractual disputes. Like the provisions in <u>Silva</u> and <u>Karl Koch Erecting</u>, the clause here uses mandatory language (<u>i.e.</u>, "shall"). In addition, the words "be filed," as used here, like the words "be brought" in <u>Silva</u>, and the phrase "shall be commenced" in <u>Karl Koch Erecting</u>, were not meant to require a meaningless ministerial act, but implicitly (and consistently with the obvious intention of the parties) require adjudication in the state's courts.

The clause here is plainly mandatory with respect to state court jurisdiction for an additional reason. While the clause in <u>Silva</u> referenced only "the State of Illinois" (and yet was found to mandate state court jurisdiction), the clause here unambiguously identifies the "State Courts of New Hampshire." Cf. <u>Global Satellite Commc'n Co. v. Starmill U.K., Ltd.</u>, 378 F.3d 1269, 1273 (11th Cir. 2004) (finding that forum selection clause did not restrict jurisdiction where it mandated venue in a particular county, but did not specify state or federal courts). In <u>BlueTarp Fin., Inc. v. Melloul Blamey Constr. S.C., Ltd.</u>, 846 F. Supp. 2d 307, 313-14 (D. Me. 2012), the court found that the phrase "'courts of the State of Maine' could be either 'a term of sovereignty or simply a term of geography.'" <u>Id</u>. at 313 (quoting <u>LFC Lessors, Inc. v. Pacific Server Maint. Corp.</u>, 739 F.2d 4, 6 (1st Cir. 1984)). In contrast, the phrase "State Courts of New

5

Hampshire" cannot reasonably be construed as "simply a term of geography." "State" directly modifies "Courts," the phrase is clearly a term of sovereignty, and it plainly does not include federal courts.

The clause clearly and unequivocally expresses the parties' intention to vest exclusive jurisdiction in New Hampshire's state courts. Remand, therefore, is warranted.

B. Venue

The parties here unmistakably agreed to litigate any contractual dispute in Strafford County, New Hampshire. Remand to the Superior Court of Strafford County is, therefore appropriate. See Yakin, 566 F.3d at 76 (where forum selection clause contained "obligatory venue language," remand to the state court located in the designated venue was proper — because no federal court was located there).

Courts have taken slightly different views with respect to venue limitations. See Nahigian v. Juno-Loudoun, LLC, 661 F. Supp. 2d 563, 568 (E.D. Va. 2009) (collecting cases). In Nahigian, for example, the district court found that a county venue restriction in a forum selection clause allowed litigation of the parties' dispute in federal court located in a different county. The clause's geographic limitation, the court held,

6

included the entire federal district because the district included the designated county. Id. at 568-69. But, in Rihani v. Team Exp. Distrib., LLC, 711 F. Supp. 2d 557, 560-61 (D. Md. 2010), the court found Nahigian's holding to be "inconsistent with basic contract law principles" because it effectively expanded the geographic region which the parties had restricted. Id. (dismissing case where forum selection clause specified a county venue for the parties' disputes, and no federal court was located in the county).

Given the jurisdictional mandate (i.e., jurisdiction lies exclusively in New Hampshire's courts), it necessarily follows that venue is proper only in Strafford County. Whether, absent that determination, the venue clause would preclude litigation in federal court (located in Merrimack County) is a question for another case on another day.

## Conclusion

Plaintiff's motion to remand, doc. no. 9, is granted. The case is remanded to the New Hampshire Superior Court (Strafford County).

7

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

March 12, 2013

cc: Carl W. Potvin, Esq.
    Michael D. Ramsdell, Esq.