Ye v. Barr

BIA
Cohen, IJ
A208 280 276

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>RICHARD C. WESLEY,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

ZHIJIE YE,
>*Petitioner,*

>v.                                          18-882
>                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:              Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:              Joseph H. Hunt, Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhijie Ye, a native and citizen of the People's Republic of China, seeks review of a March 7, 2018 decision of the BIA affirming a June 23, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhijie Ye,* No. A208 280 276 (B.I.A. Mar. 7, 2018), *aff'g* No. A208 280 276 (Immig. Ct. N.Y. City June 23, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Although we have the "inherent authority . . . to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration," *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), summary denial is "a rare exception to the completion of the appeal process . . . [and] is available only if an appeal is truly 'frivolous,'" *United States v. Davis*, 598 F.3d 10, 13-14 (2d Cir. 2010) (quoting *United States v. James*, 280 F.3d 206, 209 (2d Cir. 2002)). Given that Ye suffered

2

mistreatment at the hands of government officials in China, his petition is not frivolous and we deny the Government's motion for summary denial. However, because Ye has filed a brief, responded to the Government's motion for summary denial, and does not have a meritorious challenge to the agency's decisions, we construe the Government's motion as its brief and deny the petition on the merits.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Ye is not automatically eligible for asylum based on his girlfriend's forced family planning procedure. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007) (en banc). Nevertheless, he can still qualify for asylum by demonstrating that (1) he engaged in "resistance" to the family planning policy, and (2) he suffered harm rising to the level of persecution, or he has a well-founded fear of suffering such harm, as a direct result of his resistance. *See* 8 U.S.C. § 1101(a)(42); *see also Shi Liang Lin*, 494 F.3d

3

at 313.  Even assuming that Ye was targeted for engaging in resistance to the family planning policy, he failed to establish that he suffered persecution or has a well-founded fear of persecution on account of that resistance.

A past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse."  *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006).  The agency must take into account the context of the harm, and while "a beating that occurs in the context of an arrest or detention *may* constitute persecution," "[w]e have never held that [such] a beating . . . constitutes persecution *per se*."  *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011).  "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'"  *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)).

The agency appropriately considered the context of the harm Ye suffered, which occurred in a single incident at Ye's home and consisted of him being punched in the stomach and slapped in the face during a confrontation with two family planning officials who sought to terminate his girlfriend's

4

pregnancy. *See Jian Qiu Liu*, 632 F.3d at 822. And the agency did not err in concluding that the mistreatment Ye suffered, which did not result in anything other than minor swelling for one day, was not sufficiently severe to constitute persecution. See *id.* (finding determination of no past persecution reasonable when "*prior* to [petitioner's] arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect").

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency did not err in declining to credit Ye's mother's unsworn letter stating that police have looked for Ye since his altercation with family planning officials because the letter was prepared by an interested party. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013). Regardless, even if police have looked for Ye over the years, Ye failed to provide a consistent basis to conclude that police will

5

detain or persecute him rather than simply question him about the incident that led him to push a family planning official. Therefore, given the "absence of solid support in the record" for Ye's claim that he will face persecution in the future, "his fear is speculative at best" and is not well-founded. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam).

Accordingly, the agency did not err in finding that Ye failed to demonstrate past persecution or a well-founded fear of persecution on account of his resistance to the family planning policy, and reasonably denied him asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).*

For the foregoing reasons, the Government's motion for summary denial is DENIED, but is CONSTRUED as the Government's brief, and the petition for review is DENIED. Any pending

---

* The BIA and Government incorrectly conclude that Ye waived his CAT claim. The IJ denied CAT relief because Ye failed to satisfy the lower burden for asylum; thus Ye's challenge to the denial of asylum on appeal to the BIA necessarily included a challenge to the denial of CAT relief.

6

request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court