■ CORED PANELS, INC., Appellant, v MEINHARD COMMERCIAL CORP., Respondent.—In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated January 30, 1979, which denied the application. Judgment reversed, on the law, with $50 costs and disbursements, and petitioner's application to stay arbitration is granted. The subject arbitration clause—drawn by respondent's assignor—provided: "Any controversy or claim arising out of or relating to this agreement or breach thereof, shall be settled by arbitration in the State of New York which shall be conducted in accordance with the Rules of the American Arbitration Association. All hearings shall be oral and shall be held in the County, City and State of New York. There shall be one

arbitrator appointed by each party and said arbitrators shall appoint a third arbitrator who shall be an attorney duly licensed to practice in the State of New York. Judgment upon the award rendered by the arbitrators may be entered in the Supreme Court of the State of New York or in any other Court having jurisdiction thereof. *Anything to the contrary notwithstanding, Badger may, at its option, choose to waive the arbitration provision herein and enforce its remedies directly by the institution of litigation in courts of competent jurisdiction."* (Emphasis supplied.) In our opinion the subject clause is void for lack of mutuality (see *Hull Dye & Print Works v Riegel Textile Corp.,* 37 AD2d 946; *Matter of Firedoor Corp. of Amer. v R. K. & A. Jones,* 47 AD2d 878; *Matter of Kaye Knitting Mills [Prime Yarn Co.],* 37 AD2d 951; *Arcata Graphics Corp. v Silin,* 59 AD2d 1007; cf. *Matter of Riccardi [Modern Silver Linen Supply Co.],* 45 AD2d 191, affd 36 NY2d 945). Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.