[665 NYS2d 444]

In the Matter of the Arbitration between KAREN BALL, Appellant, and SFX BROADCASTING, INC., et al., Respondents.

Third Department, December 4, 1997

## APPEARANCES OF COUNSEL

*Cusick, Hacker & Murphy, L. L. P.,* Latham *(John E. Higgins* of counsel), for appellant.

*Baker & McKenzie,* New York City *(Eric M. Robinson* of counsel), for respondents.

## OPINION OF THE COURT

WHITE, J.

On June 1, 1996, petitioner was promoted to the position of assistant business manager at radio station WGNA which broadcast in the Capital District area. About three weeks later, she informed the station's general manager, respondent Robert Ausfeld, that she was pregnant. Petitioner alleges that Ausfeld on repeated occasions made derogatory comments to her regarding her pregnancy. Respondent SFX Broadcasting, Inc.

became involved in this matter on or about July 8, 1996 when it purchased WGNA and hired Ausfeld as vice-president and general manager. On July 17, 1996, Ausfeld told petitioner and the other employees that, if they wanted to retain their jobs, they had to fill out an employment application and acknowledge receipt of an employee manual, returning both by July 19, 1996. Pertinent to this appeal, the manual's acknowledgement form contained an arbitration clause covering "any dispute connected with my employment which arises after my employment's conclusion". Petitioner executed and returned the documents on July 19, 1996; however, on September 6, 1996 her employment was terminated by Ausfeld on the ground that she was no longer needed. According to petitioner her job duties were then assigned to a nonpregnant female who lacked her qualifications.

Following the collapse of negotiations to settle petitioner's discrimination claims, SFX, on January 10, 1997, filed a demand for arbitration upon petitioner's attorneys. Petitioner responded by obtaining an order to show cause seeking a permanent stay of arbitration and commencing an action asserting claims predicated upon the Human Rights Law (Executive Law § 296) and the NY Constitution (art I, §§ 1, 2), as well as common-law causes of action for intentional infliction of emotional harm, prima facie tort and negligent hiring. Supreme Court, finding that the parties' arbitration agreement is covered by the Federal Arbitration Act (9 USC § 1 *et seq.* [hereinafter FAA]), determined that a valid agreement to arbitrate exists between the parties and denied petitioner's application for a stay. Petitioner appeals.

It is not necessary for us to ascertain whether the subject agreement is governed by the FAA since, even if it is, this State's body of arbitration law would apply as it is not inimical to the policies of the FAA (*see, Doctor's Assocs. v Casarotto*, 517 US 681, 688, 116 S Ct 1652, 1656; *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 205).

In this matter, among the three issues a New York court may address on a motion to stay arbitration, we need be concerned with only whether the parties made a valid agreement to arbitrate (*see, Matter of Smith Barney, Harris Upham & Co. v Luckie, supra*, at 201-202). Initially, petitioner contends that there was not a valid agreement due to a lack of consideration. She further points out that she relinquished fundamental constitutional and statutory rights for little if anything in return while SFX reaped great benefits and gave up nothing.

This latter argument is not persuasive since mutuality of remedy is not required in an arbitration contract; instead the critical question here is whether there was consideration for the employment contract, of which the arbitration agreement is a component part (*see, Sablosky v Gordon Co.*, 73 NY2d 133, 137).

Consideration is found where there is either a benefit to the promisor or a detriment to the promisee (*see, Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 464). In this unilateral at-will employment contract, consideration for SFX's promise to pay petitioner for her services is found in her rendition of those services which benefited SFX (2 Corbin, Contracts § 6.2, at 213-216). Thus, because the employment contract was supported by consideration, the agreement to arbitrate was likewise supported by consideration (*see, Sablosky v Gordon Co., supra*, at 137).

This does not end our discussion for petitioner maintains that the arbitration agreement is an adhesion contract that should be invalidated. Adhesion is found where the party seeking to enforce the contract used high pressure tactics or deceptive language in the contract and where there is inequality of bargaining power between the parties (*see, Morris v Snappy Car Rental*, 84 NY2d 21, 30). In addition, it must be shown that the contract inflicts substantive unfairness on the weaker party (*see, Aviall, Inc. v Ryder Sys.*, 913 F Supp 826, 831, *affd* 110 F3d 892). Here, petitioner, a college graduate, failed to establish procedural unfairness since she had two days to review the arbitration agreement which consists of four lines written in plain English. She also had an opportunity to seek clarification of its terms. There is also no substantive unfairness inasmuch as petitioner is not precluded from pursuing her claims and obtaining full compensation for her damages in the arbitral forum. For these reasons, we conclude that there is no merit to this argument.

■ We next address petitioner's claim that she was fraudulently induced to enter into the agreement. To sustain this claim, petitioner must show by clear and convincing evidence that respondents made a representation of fact which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and induce them to act upon it, causing injury (*see, Flora v Kingsbridge Homes*, 214 AD2d 834, 836; *see also, Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 119). In the instant case, while the record shows that Ausfeld may have minimized the importance of the manual's acknowledgement form, there is no proof that he

represented it would not be binding upon petitioner once she signed it. In the absence of such proof, we find that this claim lacks substance (*see, Acquaire v Canada Dry Bottling*, 906 F Supp 819, 826).

Petitioner's penultimate argument rests upon NY Constitution, article I, § 2, guaranteeing the right to a trial by jury. Despite this guarantee, jury trials are not mandated in all civil trials since the Constitution provides that such right may be waived (NY Const, art 1, § 2) and, pertinent to this matter, such waiver is effected by a consent to arbitration (*see, Matter of Berkovitz v Arbib & Houlberg*, 230 NY 261, 273; *see also, Maross Constr. v Central N. Y. Regional Transp. Auth.*, 66 NY2d 341, 345). Inasmuch as the circumstances here did not prevent petitioner from making a conscious and deliberate decision to consent to arbitration, there is no reason to negate her waiver (*compare, Sanchez v Sirmons*, 121 Misc 2d 249, 253-255).

Finally, given the policy in New York of encouraging the resolution of disputes through arbitration (*see, Corcoran v Ardra Ins. Co.*, 77 NY2d 225, 233, *cert denied sub nom. Ardra Ins. Co. v Curiale*, 500 US 953), we perceive no public policy reasons for precluding anticipatory agreements to arbitrate claims arising under the Human Rights Law (*see, Fletcher v Kidder, Peabody & Co.*, 81 NY2d 623, 635-636, *cert denied* 510 US 993).

In light of the foregoing analysis, we affirm Supreme Court's order.

MERCURE, J. P., CREW III, PETERS and SPAIN, JJ., concur.

Ordered that the order is affirmed, without costs.