◼ In the Matter of SOUTH HUNTINGTON JEWISH CENTER, INC., Appellant, v ROBERT HEYMAN, Respondent. (Matter No. 1.) ROBERT HEYMAN, Respondent, v SOUTH HUNTINGTON JEW-ISH CENTER, INC., et al., Appellants. (Matter No. 2.) [723 NYS2d 511] —In a proceeding pursuant to CPLR article 75, *inter alia,* to compel Robert Heyman to arbitrate the claims between the parties (Matter No. 1), and an action by Robert Heyman to recover damages for the allegedly wrongful termination of his employment contract in violation of Executive Law § 296 (1) (a) (Matter No. 2), the petitioner in Matter No. 1 and the defendants in Matter No. 2 appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 7, 1999, which denied their motion pursuant to CPLR 7503 (a) to vacate an order of the same court dated September 29, 1998, among other things, dismissing Matter No. 1, to stay all proceedings in Matter No. 2, and to compel arbitration.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

Robert Heyman, a cantor, the respondent in Matter No. 1 and the plaintiff in Matter No. 2, contends that South Huntington Jewish Center, Inc., the petitioner in Matter No. 1 and a defendant in Matter No. 2 (hereinafter SHJC), and two members of its congregation, who are defendants in Matter No.

2, violated Executive Law § 296 (1) (a) by refusing to renew his employment contract for a third year after he revealed that he had lymphoma. SHJC moved, *inter alia*, to stay Matter No. 2 and to compel arbitration on the ground that the employment contract required the parties to arbitrate this dispute.

Contrary to the Supreme Court's conclusion, we perceive no public policy reasons for not enforcing anticipatory agreements to arbitrate statutory employment discrimination claims arising under Executive Law § 296 (1) (a) (*cf., Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623, *cert denied* 510 US 993; *see, Matter of Ball,* 236 AD2d 158). Moreover, the broad arbitration clause in Heyman's employment contract encompasses his claim of wrongful discharge based on a physical disability (*see, DeSapio v Josephthal & Co.,* 143 Misc 2d 611). Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.