Walter SILVERMAN, Plaintiff,

v.

CARVEL CORPORATION, Defendant.

No. 00–CV–6454L.

United States District Court,
W.D. New York.

June 27, 2001.

K. Wade Eaton, Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, for Plaintiff.

Gregory J. Ligelis, Robinson & Cole, LLP, Hartford, CT, for Defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Walter Silverman, commenced this action against defendant Carvel Corporation ("Carvel") on September 15, 2000, alleging contractual and tort claims relating to a franchise agreement that formerly existed between Silverman and Carvel. Subject matter jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332. Carvel has moved to dismiss the complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### FACTUAL BACKGROUND

The complaint alleges that in 1989, the parties entered into a franchise agreement ("the agreement"), pursuant to which Silverman was to operate a Carvel retail ice cream store in Rochester, New York, for a period of ten years. *See* Complaint Ex. A. The agreement also contained a forum selection clause, which forms the basis for defendant's motion to dismiss. The forum selection clause stated, in part:

It is mutually understood and agreed that this Agreement shall be deemed to have been made in the State of New York, County of Westchester, and that any and all performance, or breach thereof shall be interpreted, governed and construed pursuant to the laws of the State of New York. Licensee [*i.e.,* Silverman] consents to the jurisdiction of the courts of the State of New York and waives any claims of forum non conveniens to an action brought against Licensee by Carvel in such courts either during the term of this Agreement or thereafter. As to any legal action that Licensee may bring against Carvel or any officer, director or employee of Carvel, either during the term of this Agreement or thereafter, where only the federal courts have jurisdiction over the subject matter of such legal action it is agreed and understood that such legal action shall only be brought in the United States District Court for the Southern District of New York and that such court shall be deemed to be the court of sole and exclusive venue for the bringing of such action. As to any other legal action that Licensee may bring against Carvel or any officer, director or employee of Carvel, either during the term of this Agreement or thereafter, it is understood and agreed that any such action shall only be brought in the Supreme Court of the State of New York in the County of Westchester and that such Court shall be deemed to be the court of sole and exclusive venue for the bringing of such action.

Complaint Ex. A ¶ 28.

At the time that the parties entered into the agreement, Carvel sold its products exclusively through its franchised retail outlets, as it had for several decades. Around November 1992, however, Carvel established a new distribution program

("the supermarket program"), under which Carvel products would also be sold in supermarkets, restaurants, and other outlets, through wholesale accounts owned by Carvel.

Plaintiff's factual allegations concerning these matters need not be recited in detail for purposes of the present motion to dismiss. Suffice it to say that plaintiff alleges that Carvel's implementation of the supermarket program caused plaintiff to suffer lost profits because customers who wanted to purchase Carvel ice cream products were able to find it not only at Carvel retail stores like plaintiff's, but at supermarkets and other outlets as well. In effect, the program allegedly divided the ice cream cake into more, and smaller, slices. Because of the continued reduction of his sales due to competition from supermarkets and other outlets, plaintiff decided to go independent when the 1989 franchise agreement expired in October 1999.

Plaintiff subsequently commenced the instant action, alleging causes of action for breach of contract and for tortious interference with plaintiff's existing and prospective business relationships. Both claims arise out of Carvel's implementation

of the supermarket program in the Rochester area.

Defendant contends that this action falls within the scope of that part of the forum selection clause addressing "any other legal action that Licensee may bring against Carvel . . . ," which, according to the agreement, "shall only be brought in the Supreme Court of the State of New York in the County of Westchester," which "shall be deemed to be the court of sole and exclusive venue for the bringing of such action." Accordingly, defendant asserts, the instant action should be dismissed for improper venue, or, in the alternative, transferred to Supreme Court, Westchester County.

## DISCUSSION

### I. Enforceability of Forum Selection Clause [1]

■ Plaintiff contends that the forum selection clause in this case is unenforceable because it lacks mutuality, i.e., it restricts venue only in actions brought by Silverman against Carvel, and contains no similar restriction on venue in actions brought by Carvel against Silverman.

---

1. In addition to arguing that the forum selection clause at issue is unenforceable, plaintiff contends that defendant has improperly brought its motion under Rule 12(b)(3), which relates to dismissal for improper venue. Plaintiff appears to assert that the motion should have been brought under Rule 12(b)(6) instead. Defendant responds that courts have treated motions to dismiss pursuant to forum selection clauses as motions to dismiss for lack of venue.

As the Second Circuit has observed, "[l]ittle consistency exists today between circuits, or even within this Circuit" with respect to the proper procedural mechanism for seeking dismissal of an action based on a forum selection clause. New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 28 (2d Cir. 1997) (citations omitted). I find it unnecessary to resolve this matter in the case at bar,

however, since the parties appear to be in agreement that the issue before the court is simply whether the forum selection clause in question is enforceable and whether it applies to this action; there appears to be no practical difference here regardless of which section of Rule 12 the court applies. See Lambert v. Kysar, 983 F.2d 1110, 1112 n. 1 (1st Cir.1993) (stating that although defendants invoked Rule 12(b)(3) as procedural vehicle for urging dismissal under forum selection clause, whereas under law of First Circuit such dismissals are properly founded under Rule 12(b)(6), court was not bound by the label employed by defendants, and that dismissal was proper in any event). Plaintiff himself admits that this "issue . . . is probably not central to the pending motion . . . ." Letter from K. Wade Eaton, Esq. to Court, Dec. 20, 2000.

Specifically, the agreement provides that "where only the federal courts have jurisdiction over the subject matter" of an action by Silverman against Carvel, such action may only be brought in the United States District Court for the Southern District of New York, and that "[a]s to any other legal action" by Silverman against Carvel, such action may only be brought in the Supreme Court of the State of New York in the County of Westchester. The agreement also implicitly provides that Carvel may bring an action against Silverman in a state court anywhere in New York State, since it states that Silverman "consents to the jurisdiction of the courts of the State of New York and waives any claims of forum non conveniens to an action brought against [him] by Carvel in such courts . . . ." [2]

■ Forum selection clauses-the enforceability of which is governed by federal law, *see Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990); *Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F.Supp.2d 393, 396 (S.D.N.Y.2000)-are presumptively enforceable. *See New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir.1997) (noting plaintiff's burden "to make a 'strong showing' in order to overcome the presumption of enforceability" of a forum selection clause). The Supreme Court has stated that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Court

has itself upheld the validity of forum selection clauses in a number of cases. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589–95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Bremen*, 407 U.S. at 8–18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

In accordance with these principles, the Second Circuit has stated that "it is well-established that [forum selection] clauses will be enforced unless it clearly can be shown that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir.1988) (internal quotation marks and citations omitted). In *Roby v. Corporation of Lloyd's*, 996 F.2d 1353 (2d Cir.), *cert. denied*, 510 U.S. 945, 114 S.Ct. 385, 126 L.Ed.2d 333 (1993), the court listed the following factors for courts to consider in determining if a forum selection clause is unreasonable:

(1) if their incorporation into the agreement was the result of fraud or overreaching . . .; (2) if the complaining party "will for all practical purposes be deprived of his day in court," due to the grave inconvenience or unfairness of the selected forum . . .; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy . . .; or (4) if the clauses contravene a strong public policy of the forum state.

*Id.* at 1363 (citations omitted).

As explained, the basis for Silverman's contention that the clause at issue is unen-

---

**2.** For purposes of this Decision and Order, it is not necessary for me to determine, and I express no opinion on, whether the term "the courts of the State of New York" includes only state courts, or state and federal courts within New York State. *See Cronin v. Family*

*Educ. Co.*, 105 F.Supp.2d 136, 138 (E.D.N.Y. 2000) (discussing differences between forum selection clauses based on geography, *i.e.*, location of court, and sovereignty, *i.e.*, federal or state judiciary).

forceable is its nonmutuality. The Second Circuit addressed this subject in *Karl Koch*, 838 F.2d 656. There, a forum selection clause expressly barred the plaintiff from commencing suit in a forum other than state court, but it was silent as to whether the defendant's choice of forum was also so limited. The plaintiff argued that a forum selection clause that expressly limits only one party is unenforceable, basing this argument on the then-existing New York rule that arbitration agreements binding only one party are not valid. *Id.* at 659; *see, e.g., Cored Panels, Inc. v. Meinhard Commercial Corp.*, 72 A.D.2d 544, 420 N.Y.S.2d 731 (2d Dep't 1979); *Firedoor Corp. of Am., Inc. v. R.K. & A. Jones, Inc.*, 47 A.D.2d 878, 366 N.Y.S.2d 443 (1st Dep't 1975).

The Second Circuit rejected the plaintiff's argument, for two reasons. First, the court stated, "it [wa]s not at all clear that this particular forum-selection clause lacked mutuality." 838 F.2d at 660. The court stated that one could have interpreted the clause to mean that *all* disputes arising out of the parties' contract had to be litigated in state court, irrespective of which party commenced suit. *Id.* Second, the court said, even if the forum selection clause applied only to the plaintiff, "arbitration agreements and forum-selection clauses involving the judicial system are quite distinguishable. In the former case, the parties 'trade[ ] the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration,' " *id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)), whereas state and federal courts, though different tribunals, are both "governmental bodies that stress formal procedures, are bound by formal rules of evidence and legal precedents, and are presided over by judges who have substantial tenure and no other

occupation. They also afford appellate review." *Id.* The court concluded that "[a]rbitration is so different in each of these respects that we believe the New York courts would not view the forum-selection clause at issue as imposing the unequal burden that is inherent in a contract binding one party to arbitrate while the other is free to litigate." *Id.*

Although the court in *Karl Koch* based its decision in part on its finding that the clause in that case did not clearly lack mutuality, the Second Circuit's decision clearly does not stand for the proposition that nonmutuality will render a forum selection clause unenforceable as contravening a strong public policy of New York. If anything, the court suggested that New York courts' concerns about mutuality in arbitration agreement were *not* implicated by forum selection clauses.

 If any doubt remained about the matter after *Karl Koch*, however, it has been removed by the New York Court of Appeals' subsequent abrogation of the rule requiring mutuality in arbitration agreements. *See Sablosky v. Edward S. Gordon Co.*, 73 N.Y.2d 133, 137, 538 N.Y.S.2d 513, 535 N.E.2d 643 (1989); *Matter of Ball (SFX Broadcasting Inc.)*, 236 A.D.2d 158, 161, 665 N.Y.S.2d 444 (3d Dep't 1997), *appeal dismissed*, 91 N.Y.2d 921, 669 N.Y.S.2d 262, 692 N.E.2d 131 (1998). It is clear, then, that "the nonmutuality of the forum-selection clause does not render it invalid." *Medoil Corp. v. Citicorp.*, 729 F.Supp. 1456, 1459 (S.D.N.Y.1990).

The cases cited by plaintiff in support of his claim of unenforceability either do not represent the law of this circuit, or are distinguishable. For example, in *In re Lloyd's American Trust Fund Litigation*, 954 F.Supp. 656 (S.D.N.Y.1997), the court was faced with the question of whether a *non-party* to a forum selection clause

should be permitted to enforce the clause against a party to the clause, which is not the situation in the case at bar, where both plaintiff and defendant are parties to the agreement at issue. Plaintiff has not alleged, or presented any evidence of, any fraud in the inducement, or any of the other factors militating against enforceability of a forum-selection clause. In fact, under similar circumstances, other district courts have upheld the very clause at issue here, although it does not appear that the issue of nonmutuality was raised in those cases. *See Ritchie v. Carvel Corp.*, 714 F.Supp. 700, 703 (S.D.N.Y.1989) (stating that plaintiff "freely entered into the license agreement[ ], with awareness of the forum selection clause"); *Marco Realty Enterprises, Inc. v. Carvel Corp.*, No. 86 Civ. 7877, 1988 WL 75009 *2, 1988 U.S. Dist. LEXIS 7040 *5 (S.D.N.Y. July 12, 1988) (noting that there was no allegation that clause was "unreasonable or that it was the product of fraud, overreaching, mistake or coercion"); *Bryfogle v. Carvel Corp.*, 666 F.Supp. 730, 734 (E.D.Pa.1987) (stating that plaintiffs "d[id] not contend that the forum selection clause in the License Agreement was the result of fraud or mistake, or that it [wa]s contrary to public policy," but only that it was unreasonable on the grounds that plaintiffs could not afford to litigate the dispute in New York; court rejected that contention, stating that by agreeing to the forum selection clause, plaintiffs themselves obviated considerations of inconvenience to them).

As the Court of Appeals observed in *Karl Koch*, 838 F.2d at 660, state courts, no less than federal courts, are "governmental bodies that stress formal procedures, are bound by formal rules of evidence and legal precedents, and are presided over by judges who have substantial tenure and no other occupation. They also afford appellate review."

*Id.* By agreeing to the forum selection clause, then, plaintiff did not trade away the procedural safeguards and opportunity for review of the courts in exchange for a simpler process lacking those safeguards, but merely confined his choice of judicial forum to a particular state court. Thus, to the extent that there is a lack of mutuality in the forum selection clause, it does not impose upon plaintiff such an unequal burden when compared to defendant that enforcement of the clause in the circumstances presented here would be unreasonable or unjust.

I also note that one of the relevant factors identified by the Second Circuit in *Roby*-whether the complaining party "will for all practical purposes be deprived of his day in court," due to the grave inconvenience or unfairness of the selected forum, *Roby*, 996 F.2d at 1363-clearly does not militate against enforcement of the clause at issue. The location of the selected forum, Westchester County, New York, is not so far from Rochester as to impose an unduly heavy burden or hardship on plaintiff to litigate the case there, and there is no reason to think that enforcement of the clause will in any way deny plaintiff his day in court. *See Smith v. Doe*, 991 F.Supp. 781, 784 (E.D.La.1998) ("New York is not a remote alien forum. Enforcement of the forum selection clause will not gravely or unduly inconvenience Smith"); *Gomez v. Royal Caribbean Cruise Lines*, 964 F.Supp. 47, 52 (D.P.R. 1997) ("the enforcement of RCCL's forum selection clause would not gravely or unduly inconvenience plaintiffs. Miami is approximately two-and-a half hours flying time from Puerto Rico.... Forum selection clauses imposing much more onerous burdens have been enforced"); *Mississippi Chem. Corp. v. Terra Int'l, Inc.*, No. 5:95–CV–127, 1996 WL 293764 *6

(S.D.Miss. Jan.31, 1996) ("The court agrees that it will be more inconvenient for Terra to litigate in Mississippi [than in Iowa]. However, it is certainly not overly vexatious or oppressive, and MCC has not chosen this forum for harassment purposes. In fact, the parties themselves chose this forum many years ago"), *appeal dismissed,* 136 F.3d 1329 (5th Cir.1998); *Storm v. Witt Biomed. Corp.,* No. C–95–3718, 1996 WL 53624 *4 (N.D.Cal. Jan.23, 1996) ("the forum-selection clause is not so onerous as to deny plaintiff a meaningful day in court. Plaintiff asserts increased expense and inconvenience to himself and witnesses as hardships associated with having to litigate this matter in Florida. These difficulties are not the grave hardships that would deprive plaintiff of a meaningful day in court").

## II. Waiver of Carvel's Right to Enforce the Clause

■ Plaintiff also argues that defendant waived its right to enforce the forum selection clause by virtue of its actions and representations made in other litigation. According to plaintiff, in 1994 Carvel filed a declaratory judgment action against some of its franchisees (not including Silverman) in the United States District Court for the District of Connecticut. Later that year, some of those same franchisees filed an action against Carvel in Supreme Court, New York County. Carvel succeeded in having the state court action dismissed, in part based on its representation that the franchisees were free to litigate their claims against Carvel in the Connecticut federal court action. When the franchisees subsequently asserted counterclaims against Carvel in the federal court action, Carvel moved to dismiss those counterclaims, on the ground that the forum selection clause required that those claims be brought in Supreme Court, Westchester County.

Chief United States District Judge Alfred V. Covello denied the motion, holding, *inter alia,* that Carvel had waived any objection to the presence of the franchisees' counterclaims in the district court by failing to raise venue as a ground for dismissal in a prior motion to dismiss. *Carvel Corp. v. Baker,* No. 3:94CV1882 (D.Conn. Dec. 14, 1998) (Plaintiff's Memorandum of Law Ex. C), slip op. at 6. Chief Judge Covello also noted that in its motion papers, Carvel had failed to bring to the court's attention Carvel's representations to the state court that Carvel had no objection to the franchisees asserting their claims in the federal court action, a "glaring omission" that "raise[d] the question whether Carvel's motion [to dismiss in the district court] implicate[d] Rule 11 of the Federal Rules of Civil Procedure." *Id.* at 7.

■ I find no basis upon which to conclude that Carvel has waived enforcement of the forum selection clause in the case at bar. Plaintiff does not allege that he was a party to the *Baker* case, there is no evidence that Carvel has ever argued against or waived enforcement of the clause with respect to Silverman, and plaintiff has presented no authority for the proposition that waiver of one's rights under a forum selection clause in one action can somehow effect a waiver of those rights in a wholly separate action involving a different plaintiff. Simply because the wording of the clause in this case may be identical to the clause at issue in the Connecticut case does not alter the fact that the agreements themselves are separate. A party can certainly choose to forgo enforcement of its rights against one person while reserving its rights against others, even if those others are similarly situated. *See McDaniel v. IBP Inc.,* 89 F.Supp.2d 1289, 1293 (M.D.Ala.2000) (concession of

venue in one case did not preclude denial of venue in other suit raising different claims under different set of facts); *In re Townsend*, 84 B.R. 764, 765 (Bankr. N.D.Fla.1988) ("Counsel has not provided any authority nor has the Court been able to find any authority to support the proposition that the waiver of an objection to venue in one case should bar by waiver or estoppel a similar objection in another case"); *cf. Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir.1993) (rejecting arguments that defendant had agreed to submit to jurisdiction in California because in an unrelated patent infringement case involving same parties, parties had entered into settlement agreement that provided, in part, that enforcement of the agreement was to occur in California courts); *Matter of Bankers Trust Co.*, 566 F.2d 1281, 1288 (5th Cir. 1978) ("Although a reclamation petition does serve as consent to a bankruptcy court's jurisdiction, it does not amount to consent for the adjudication of totally unrelated counterclaims").

### III. Enforcement of the Clause

 As stated, defendant has requested that the court either dismiss the complaint for improper venue, or in the alternative transfer the action to New York State Supreme Court for Westchester County. Where a valid forum selection clause "preclude[s] litigation from a venue other than a specific state court," however, only dismissal is the appropriate means of enforcing the clause. *Jones*, 901 F.2d at 19. In other words, if the clause provides that an action may be brought *only* in a specific state court, a federal court must dismiss based on improper venue. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir.2001) ("Transfer is not available, however, when a forum selection clause specifies a non-federal forum. In that case, it seems the district court would

have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice"); *Bense v. Interstate Battery System of America*, 683 F.2d 718, 719 (2d Cir.1982) (affirming dismissal of action for improper venue on the ground that contract stated that all actions arising out of the agreement must be brought in Texas state court). Since the clause here limits plaintiff to filing suit in one particular state court, the complaint in this court must be dismissed.

### CONCLUSION

Defendant's motion to dismiss the complaint (Docket Item 7) is granted, and the complaint is dismissed, without prejudice to plaintiff's right to refile in the Supreme Court of the State of New York for the County of Westchester.

IT IS SO ORDERED.