**Pamela L. MILGRIM, Appellant,**

v.

**BACKROADS, INC. and Backroads International, Inc., Appellees.**

**No. 01–7999.**

United States Court of Appeals, Second Circuit.

June 21, 2002.

Pamela L. Milgrim, New York, NY, pro se.

Rodney E. Gould, Rubin, Hay & Gould, P.C. New York, NY, for Appellees.

Present: OAKES, KATZMANN, Circuit Judges, and MURTHA, District Judge.*

## SUMMARY ORDER

The plaintiff appeals the district court's opinion and order granting the defendants' motion to dismiss her claims on the ground that they are subject to arbitration. The plaintiff, a New York citizen, brought a federal diversity action alleging tort and contract claims for injuries she suffered while on a European bicycle tour organized by the defendants.

Because she was initially on a waiting list for the bicycle tour, the plaintiff was required to pay the full price in order to secure a place on the trip. After making the payment, the plaintiff was provided with a release that was "a requirement for joining the trip." The release provided:

> In the unlikely event a legal dispute should arise involving any subject matter whatsoever, I agree that the following conditions will apply: (a) the dispute shall be settled by binding arbitration

---

\* The Honorable J. Garvan Murtha, Chief Judge of the District of Vermont, sitting by designa-tion.

through the American Arbitration Association at San Francisco, California. . . . The plaintiff signed the release and returned it. The plaintiff may have been subject to a cancellation fee if she had decided to cancel her trip after making her payment.

We review the district court's conclusion that the parties are contractually bound to arbitrate their disputes *de novo*. *See Aceros Prefabricados, S.A. v. TradeArbed, Inc.*, 282 F.3d 92, 97 (2d Cir.2002). The arbitration agreement set forth in the release is governed by the Federal Arbitration Act (the "FAA"), which requires a federal court to stay a suit involving "any issue referable to arbitration" pursuant to a written arbitration agreement. *See* 9 U.S.C. § 3. The plaintiff argued before the district court that the arbitration clause is invalid.

■ The parties and the district court agree that New York law governs the issue of whether the parties legitimately agreed to arbitrate their dispute. The plaintiff first argues that the release is unenforceable because it was a contractual modification that was unsupported by consideration. But even if the release was a material contractual modification, it is enforceable without consideration because the plaintiff agreed to the modification by signing a written release. *See* N.Y. Gen. Obl. Law § 5–1103 ("[a]n agreement . . . to change or modify . . . any contract . . . shall not be invalid because of the absence of consideration, provided that the agreement . . . shall be in writing and signed by the party against whom it is sought to enforce the . . . modification. . . .").

■ The plaintiff next argues that the release is invalid because it was obtained under duress. The plaintiff argues that she was forced to sign the release because she would have forfeited much of her payment if she had cancelled the trip. But a party claiming duress "must act promptly to repudiate the contract or release or [s]he will be deemed to have waived h[er] right to do so." *DiRose v. PK Mgmt. Corp.*, 691 F.2d 628, 633–34 (2d Cir.1982) (citations omitted); *see also Sheindlin v. Sheindlin*, 88 A.D.2d 930, 450 N.Y.S.2d 881, 882 (2d Dep't 1982). The plaintiff did not act promptly to repudiate the release after she signed it. In fact, she does not allege that she protested the requirement that she sign the release. Therefore, she has waived any claim of duress.

■ The plaintiff argues that the release is an unconscionable contract of adhesion. "Adhesion is found where the party seeking to enforce the contract used high pressure tactics or deceptive language in the contract and where there is inequality of bargaining power between the parties. In addition, it must be shown that the contract inflicts substantive unfairness on the weaker party." *In the Matter of Arbitration of Karen Ball*, 236 A.D.2d 158, 665 N.Y.S.2d 444, 446 (3d Dep't 1997) (citations omitted). The district court correctly concluded that the plaintiff had sufficient time to read the release and was not unduly pressured to do so. The plaintiff chose to make the full deposit to secure an immediate spot on the trip. If the plaintiff had qualms with respect to the requirements of the release, which was clearly referenced in the initial promotional brochure, then the plaintiff could have chosen not to make the full deposit.

■ Finally, the plaintiff claims that the arbitration agreement is fundamentally unfair because it requires arbitration in California. Backroads is a California corporation that conducts business around the world. Requiring the various customers it does business with to agree to arbitration in California where it is located is not

fundamentally unfair. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Moreover, the plaintiff agreed to the condition that she arbitrate any disputes in California.

We have considered all of the plaintiff's arguments and conclude that none of them warrant reversal. Therefore, we AFFIRM the district court's opinion and order.