Buffalo Nav. Park Comm., Inc. v Water Quality Ins. Syndicate (2025 NY Slip Op 02674)

Buffalo Nav. Park Comm., Inc. v Water Quality Ins. Syndicate

2025 NY Slip Op 02674

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

113 CA 23-02030

[*1]BUFFALO NAVAL PARK COMMITTEE, INC., PLAINTIFF-APPELLANT,
v
WATER QUALITY INSURANCE SYNDICATE, DEFENDANT-RESPONDENT. 

RUPP PFALZGRAF LLC, BUFFALO (JOHN T. KOLAGA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CLYDE & CO US LLP, NEW YORK CITY (JOHN M. WOODS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered October 27, 2023. The order, inter alia, granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff operates a naval and historical park and obtained liability insurance coverage for the park from defendant. After a decommissioned World War II vessel at the park released petroleum products into the Buffalo River, plaintiff commenced this action seeking, inter alia, payment under the insurance contract for costs allegedly incurred by plaintiff as a result of that incident. Defendant moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint based on a forum selection clause in the insurance contract. Supreme Court, inter alia, granted the motion. We affirm.
The insurance contract between the parties provides, inter alia, that any lawsuit brought by plaintiff that arises out of the policy shall be brought in the United States District Court for the Southern District of New York (SDNY) and that defendant consents to the jurisdiction of that court. The contract further provides that the law applicable to the interpretation of the insurance policy shall be federal maritime law of the United States, or in the absence of federal maritime law of the United States, the law of the State of New York, without regard for New York's choice of law rules.
Under federal maritime law, forum selection clauses in maritime contracts are "prima facie valid and should be enforced" unless enforcement would be "unreasonable under the circumstances" (M/S Bremen v Zapata Off-Shore Co., 407 US 1, 10 [1972]; see generally Carnival Cruise Lines, Inc. v Shute, 499 US 585, 594 [1991]). A "party claiming unreasonableness of a forum-selection clause bears a heavy burden" (New Moon Shipping Co., Ltd. v MAN B & W Diesel AG, 121 F3d 24, 32 [2d Cir 1997]).
Similarly, under New York law, a forum selection clause is prima facie valid and enforceable unless shown to be " 'unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court' " (Chiarizia v Xtreme Rydz Custom Cycles, 43 AD3d 1353, 1353-1354 [4th Dept 2007]; see Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534 [1996]; Erie Ins. Co. of N.Y. v AE Design, Inc., 104 AD3d 1319, 1320 [4th Dept 2013], lv denied 21 NY3d 859 [2013]).
Contrary to plaintiff's contention, plaintiff did not meet its burden of establishing that the forum selection clause is unenforceable. In determining whether forum selection clauses are unreasonable or unjust, courts will consider: "(1) if their incorporation into the agreement was the result of fraud or overreaching . . . ; (2) if the complaining party 'will for all practical purposes be deprived of [its] day in court,' due to the grave inconvenience or unfairness of the selected forum . . . ; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy . . . ; or (4) if the clauses contravene a strong public policy of the forum state" (Roby v Corporation of Lloyd's, 996 F2d 1353, 1363 [2d Cir 1993], cert denied 510 US 945 [1993]).
Plaintiff contends that enforcement of the forum selection clause would deprive it of its day in court because the SDNY lacks subject matter jurisdiction over the dispute. We reject that contention. Although we defer to that court to determine whether it will exercise jurisdiction over this dispute, we note that Supreme Court dismissed the complaint without prejudice and stated that, in the event that the SDNY declines to exercise jurisdiction, "this matter may be renewed" in a New York court. Under these circumstances, we conclude that plaintiff has failed to establish that it could not commence an action in New York Supreme Court if the SDNY declined to exercise jurisdiction (see generally New Moon Shipping Co., Ltd., 121 F3d at 32).
We reject plaintiff's further contention that the forum selection clause lacks mutual consideration and is therefore unenforceable (see Silverman v Carvel Corp., 192 F Supp 2d 1, 5 [WD NY 2001]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court